LEO DANIEL LUTON v. STATE

No. 33,632.   October 2, 1961
Motion for Rehearing Overruled November 29, 1961

*Bernard A. Golding,* Houston, for appellant on motion for rehearing.

*Henry Wade,* Criminal District Attorney, *James K. Allen, Jerome V. Chamberlain, Jr., Frank W. Watts, George Milner, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, death.

The witness Bryant testified that he and his wife were engaged in the operation of a grocery store on the night in question when appellant, in company with another man, entered the store holding handkerchiefs to their faces, brandishing pistols, and demanded the money from the cash register. Bryant testtified that instead of complying he struck the nearest robber but appellant, who was farthest from him, shot him and later shot his wife, and then fled. It was shown that the bullet wound inflicted upon Bryant's wife was fatal and that during the course of the scuffle between Bryant and appellant's companion appellant had dropped his handkerchief from his face and the identification was positive.

Bryant's testimony was corroborated by the witness Ince who was present in the store at the time.

Appellant was shown to have collided with a truck near the scene of the robbery within minutes thereafter and was removed from the wreckage of his automobile in which a pistol, which had been fired, was found.

Appellant did not testify or offer any evidence in his own behalf.

We shall discuss the contentions presented by the various bills of exception.

The first bill of exception complains that the court erred in excusing certain jurors who had conscientious scruples against the infliction of the death penalty. We have carefully pursued the examination of each of them and find that all of them were subject to the challenge made.

Bill of exception No. 2 as qualified by the court reflects that after the court had received the verdict of the jury and had discharged them the attorney for appellant requested that the court hold the jury together "in connection with some motion he sought to urge after verdict." The nature of the motion is not shown, and we find no error reflected by the bill.

Bill of exception No. 3 relates to a motion to declare a mistrial based upon the contention that each juror was not sworn

individually upon his selection. As qualified, the bill reflects that each juror was in fact sworn upon his selection.

Bill of exception No. 4 complains that in his argument the prosecutor said, "the type of man the evidence shows this defendant to be," and this constituted a reference to appellant's failure to testify. The court certifies that no such objection was made at the time, and we have concluded that, if made, if would have been untenable.

Because of the extreme penalty, we have examined the record with great care, but find nothing further to discuss that would in any way add to the jurisprudence of this state or solve any issues in the case.

Finding the evidence sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.